# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ERICK EMIL WATTE,<br><br>　　　　　　Defendant. | Case No. 13CR2754-H<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION FOR MAXIMUM RRC PLACEMENT<br><br>(Doc. No. 40.) |

Pending before the Court is Defendant Erick Emil Watte's *pro se* motion for a judicial recommendation for maximum residential reentry center ("RRC") placement. (Doc. No. 40.) The Defendant's motion seeks a recommendation from this Court to the Federal Bureau of Prisons ("BOP") for placement in a RRC for the maximum term of 12 months preceding his release from a correctional facility. No response has been filed by the Government. For the reasons set forth below, the Court declines the Defendant's request for a judicial recommendation for maximum RRC placement and defers to the BOP'S determination regarding RRC placement.

## **Background**

On August 29, 2013, the Defendant tendered a guilty plea before the Magistrate Judge for being a felon in possession of a firearm in violation of Title 18 U.S.C. §§

-1-

922(g)(1) and 924(a)(2) as charged in Count 1 of the Indictment. (Doc. No. 16.) The Defendant executed a written plea agreement (Doc. No. 18) and the Magistrate Judge issued a Findings and Recommendation recommending that this Court accept the Defendant's guilty plea. (Doc. No. 19.) On September 13, 2013, this Court adopted the Findings and Recommendation of the Magistrate Judge and accepted the Defendant's guilty plea. (Doc. No. 20.) On December 2, 2013, the Court sentenced the Defendant to a custodial term of 100 months followed by three years of supervised release. (Doc. Nos. 31 and 32.) On June 11, 2014, the parties filed a joint motion to amend the Judgment to reflect the Defendant's federal sentence in this case run concurrent with the Defendant's sentence in the state court case. (Doc. Nos. 33 and 34.) On June 18, 2014, the Court granted the parties' joint motion to amend the Judgment (Doc. No 35) and issued an amended Judgment reflecting that the Court's sentence of 100 months in federal custody run concurrent with the sentence imposed in the Defendant's state court case. (Doc. No. 36.)

## Applicable Law and Legal Standard

The Supreme Court has made it clear that "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f)." Tapia v. United States, 564 U.S. 319, 331 (2011). The sentencing judge can make a judicial recommendation to the BOP to place an inmate in a particular facility or program, but ultimately "decisionmaking authority rests with the BOP." Id.

"Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)." Sacora v. Thomas, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [RRC]." Id. Section 3624(c)(1), as amended by the Second Chance Act of 2007, provides that the BOP

shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). A sentencing court may make a recommendation that a prisoner serve a term of imprisonment in an RRC. 18 U.S.C. § 3621(b). However, a judicial recommendation is only one factor that the BOP considers in determining a prisoner's placement and has "no binding effect" on the BOP to determine or change a prisoner's placement. 18 U.S.C. § 3621(b).

A district court's decision whether to make a recommendation to the BOP is discretionary. See United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting a district court's "authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time."). Some sentencing courts have issued orders granting a Defendant's request for a judicial recommendation while other courts have denied such requests. See United States v. Perry, No. 2:13-CR-00049-TLN, 2017 WL 1534275, at *2 (E.D. Cal. Apr. 28, 2017) (Nunley, J.) (Noting numerous district court decisions either granting or denying a Defendant's request for a judicial recommendation for placement in a RRC.) Those courts that have decline to issue a judicial recommendation for RRC placement cite to BOP's role in being in a better position to determine such placement. Id.

## Conclusion

After considering the Defendant's motion and reviewing the Defendant's certificates of completion from various rehabilitation programs, and applying the relevant law in this matter, the Court DENIES the Defendant's motion for a judicial recommendation for maximum placement in a RRC and defers to BOP's determination is this matter. While the Court appreciates the Defendant's completion of various rehabilitation programs, the Court believes that the BOP is in the best position to

1 evaluate the Defendant's current situation and make an appropriate determination as to
2 RRC placement. See United States v. Bishop, No. CR 07-00516 JMS (06), 2015 WL
3 13235851, at *3 (D. Haw. Oct. 2, 2015) (Seabright, J.) ("[T]he BOP is better suited to
4 evaluating whether and to what extent re-entry placement is warranted.)

    The Clerk is directed to send a copy of this order to the Defendant.

    IT IS SO ORDERED.

DATED: November 28, 2018    _____
                                        HONORABLE MARILYN L. HUFF
                                        UNITED STATES DISTRICT JUDGE